

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

TH:MEG/JRS
F.#2017R01721

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 10, 2021

By ECF

The Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Charles Ward
      Criminal Docket No. 18-185 (FB)

Dear Judge Block:

  The government respectfully submits this letter in advance of sentencing in the above-captioned case, which is scheduled to proceed on May 12, 2021 at 3:00 p.m.  For the reasons set forth below, the government recommends that the Court afford the defendant an additional one-level reduction pursuant to United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") Policy Statement 5K2.0, and impose a sentence within the resulting Guidelines range of 37 to 46 months' imprisonment, the Guidelines range estimated in the plea agreement.

  I. Facts

  In 2017, the Federal Bureau of Investigation ("FBI") and the New York City Police Department ("NYPD") initiated an investigation into criminal activity occurring in and around the Louis H. Pink Houses (the "Pink Houses"), a New York City Housing Authority complex of residential buildings located in the East New York neighborhood of Brooklyn, New York.  (Presentence Investigation Report ("PSR") ¶ 3.)  The investigation, which involved the use of court-authorized wiretaps, revealed the existence of a large-scale drug trafficking operation conducted by members of the Mac Ballers set of the Bloods street gang and their associates and extended beyond Brooklyn to the Bronx and Maine.  (PSR ¶¶ 3-4.)  The gang's use of violence to exert their power and the possession of firearms was also evident during the course of the investigation.

  During one phase of the investigation, co-defendant Mario Rabb was the subject of a court-authorized wiretap, which revealed that he ran a drug-trafficking operation

on Webster Avenue in the Bronx where he sold personal-use quantities of crack cocaine and heroin, while also supplying distribution-level quantities of crack cocaine and heroin to co-conspirators for distribution elsewhere. (PSR ¶ 8.) The defendant was among those to whom Rabb provided distribution-level quantities of drugs. (Id.)

For example, on February 19, 2018 at approximately 9:00 a.m., Rabb sent identical text messages to the defendant and co-defendant Felix Collazo stating, "WH[A]TS GOOD," to which the defendant responded that drug sales were slow, but that he would see Rabb that day, presumably to pay him: "Shit wAs dum slow but I'm good will be to see you today." Two days later, on February 22, 2018, Rabb sent similar identical text messages to the defendant and co-defendant Collazo: "YO WH[A]TS UP." The defendant quickly responded, "Everything tomorrow and got a extra 2 hundo [i.e., $200] for the wait." Additional communications intercepted over Rabb's cellphone revealed that the defendant met Rabb on February 24, 2018 and that while coordinating their meeting that day, the defendant asked Rabb whether he had any more drugs: "You still empty right," and Rabb responded, "YEAH BRO."

II. Guidelines Calculations

The government agrees with the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") calculation set forth by U.S. Probation in the PSR, but respectfully requests that the Court afford the defendant an additional one-level reduction pursuant to U.S.S.G. Policy Statement 5K2.0 to afford him the benefit offered to his co-defendants who pleaded guilty after him and whose plea agreements included reference to a global disposition. Taking that additional reduction into consideration, the government submits that the applicable Guidelines range should be 41 to 51 months' imprisonment based on an adjusted offenses level of 20 and a Criminal History Category of III, see PSR ¶ 73.[1] Nonetheless, as set forth herein, the government submits that a sentence between 37 and 46 months' imprisonment, the range set forth in the plea agreement, is appropriate.

III. Applicable Law

It is settled law that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007) (citation omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [it] may not presume that the

---

[1] In the plea agreement, the government mistakenly estimated that the defendant would fall within Criminal History Category I, not realizing that the defendant's 1998 felony conviction earned three points despite happening more than fifteen years before the instant offense because his re-incarceration on a parole violation extended into the fifteen-year period. (PSR ¶ 37.)

2

Guidelines range is reasonable. [It] must make an individualized assessment based on the facts presented." Id. at 50 (citation and footnote omitted). Title 18, United States Code, Section 3553(a) provides that, in imposing sentence, the Court shall consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant.

IV. <u>Appropriate Sentence</u>

With respect to factors outlined in Title 18, United States Code, Section 3553(a), a sentence within the 37 to 46 months' range is appropriate given the defendant's conduct, the need for deterrence (specific and general) and his criminal history.

The defendant's crime of conviction involves the distribution of drugs as a participant in a large-scale operation that spanned Brooklyn, the Bronx and Maine. That the group was partly comprised of gang members only magnifies the seriousness of the offense. By distributing drugs through street-level transactions, the defendant perpetuated the devastating effects that illicit drugs has on those who use it, and on the community at large.

The history and characteristics of the defendant reveal a history of criminal convictions and a failure to comply with condition of release. The defendant has four prior felony convictions for drug trafficking offenses, as well as other convictions, and a history of parole violations. In contrast, the defendant is well-educated and has a history of employment in a counselor/case manager. The defendant's involvement in the current offense reveals that his prior terms of incarceration have not served to deter him from continuing to make money through the sale of illicit drugs.

V. <u>Conclusion</u>

For these reasons, the government respectfully requests that the Court impose a sentence between 37 to 46 months' imprisonment, the Guidelines range contemplated in

the plea agreement. Such a sentence is sufficient, but not greater than necessary to satisfy the goals of 18 U.S.C. § 3553(a).

                 Respectfully submitted,

                 MARK J. LESKO
                 Acting United States Attorney

           By:  /s/_____
                 Jonathan Siegel
                 Assistant U.S. Attorney
                 (718) 254-6293

cc:  Matthew Galluzzo, Esq. (by ECF)
    United States Probation Officer Shayna Bryant (by email)